IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

DEBRA L. HOLTE,
BUDDY BEDS LLC

      Plaintiffs,

v.                          Civil Action No. 11-CV-1156 REB
                                TRIAL BY JURY DEMANDED
TRISTAR PRODUCTS, INC.
      Defendant.

---

## [PROPOSED] STIPULATED PROTECTIVE ORDER

---

      This action is brought by Plaintiffs Debra L. Holte and Buddy Beds LLC (collectively, "Plaintiffs") against Defendant Tristar Products, Inc. ("Defendant"). The litigation of this action may require the parties or third parties to disclose information that contains proprietary, confidential, commercially sensitive or otherwise non-public information. If such information is disclosed or disseminated in an unprotected manner, it may cause substantial harm to Plaintiffs, Defendant and/or third parties, including loss of competitive advantage, loss of existing business and loss of business opportunities. Competitors of the parties or third parties may gain an unfair advantage if they learn the parties' or third parties' Confidential Information or Highly Confidential Information (as those terms are defined herein). Such Confidential Information or Highly Confidential Information may give others an unfair advantage and allow them to compete unfairly in the market and potentially usurp the parties' or third parties' business opportunities, to the detriment and harm of the parties or third parties. Therefore, as good cause exists

1

to protect such information from unauthorized disclosure, the parties stipulate to the following Protective Order:

  1. <u>Definitions</u>:  As used in this Protective Order:

   A. The term "Material" means any written, reported, or graphic matter, information or things, regardless of the manner stored, produced, or reproduced, and includes but is not limited to:  documents, electronically stored information, or tangible things produced during discovery; information and material within the scope of Fed. R. Civ. P. 34; information obtained from the inspection of premises, documents, electronically stored information, or tangible things; testimony at depositions upon oral examination or upon written questions; answers to interrogatories, answers to requests for admission, and information set forth in responses to discovery requests; and copies, reproductions, notes, summaries, excerpts and/or compilations referring to any of the foregoing.

   B. The term "Action" is strictly limited to the above-captioned litigation, currently pending in the United States District Court for the District of Colorado and appeals therefrom, and any adjunct subpoena proceedings incidental to this litigation before any tribunal.

   C. The term "Confidential Information" means any Material designated as confidential in this Action as provided by this Protective Order.

   D. The term "Highly Confidential Information" means any Material designated as highly confidential in this Action as provided by this Protective Order.

E.    The term "Attorney Eyes Only" means any Material designated as attorney eyes only in this Action as provided by this Protective Order.

2.    <u>Designation of Material as Confidential, Highly Confidential, or Attorneys Eyes Only</u>.

A.    The attorney for any party to the Action or any third party may designate as "Confidential Information" any Material that contains proprietary, confidential, private, or commercially sensitive information whether embodied in documents, physical objects or factual knowledge of persons that the attorney for any party to the Action or any third party reasonably believes should be subject to the terms of this Protective Order.

B.    The attorney for any party to the Action or any third party may designate as "Highly Confidential" only that Material that is considered very commercially sensitive or very private including, but not limited to, material that contains confidential product pricing information, or other similarly sensitive competitive or personal information whether embodied in documents, physical objects or factual knowledge of persons that the attorney for any party to the Action or any third party reasonably believes should be subject to the terms of this Protective Order.

C.    The attorney for any party to the Action or any third party may designate as "Attorneys Eyes Only" only that Material that is considered most sensitive, including, but not limited to trade secrets or other confidential research, development, financial, or other commercial information including, but not limited to, strategic marketing or business plans currently implemented, or considered for implementation

3

by the disclosing party, customer lists, and other information, the disclosure of which to anyone other than outside counsel in this action, could in the good faith judgment of the disclosing party, seriously prejudice the future competitive position of the disclosing party whether embodied in documents, physical objects or factual knowledge of persons that the attorney for any party to the Action or any third party reasonably believes should be subject to the terms of this Protective Order.

C.     For Material in documentary form (other than transcripts of depositions or other proceedings), the attorney for any party to the Action or any third party may designate such Material as Confidential, Highly Confidential or Attorneys' Eyes Only at the time of production of such Material by stamping or labeling, in a conspicuous manner, each page of such document with the following legend: **"Confidential," "Highly Confidential," or "Attorneys Eyes Only"** prior to production to the opposing party.

D.     For Material in some form other than documentary, the attorney for any party to the Action or any third party may designate such Material as Confidential, Highly Confidential, or Attorneys Eyes Only by stamping or labeling the Material itself or the exterior of the container(s) in which or on which the Material is stored with the legend that appears in paragraph 2.C, above, prior to production to the opposing party.

E.     With respect to depositions, prior to the deposition being taken, the attorney for any party to the Action or a third party may designate any deposition of any of its current or former officers, employees or agents to be Confidential, Highly Confidential, or Attorneys Eyes Only if it appears that the deposition will involve topics

4

appropriate for such designations.  Such designation shall expire thirty (30) days after

the designating party has received a copy of the transcript of the deposition unless,

during such thirty (30) day period, the designating party advises the other party in

writing of the pages and lines of the transcript which are designated Confidential, Highly

Confidential, or Attorneys Eyes Only.  Absent such designation prior to the deposition

being taken, the attorney for any party to the Action or a third party may designate

Material disclosed or conveyed during a deposition or other proceeding as Confidential,

Highly Confidential, or Attorneys Eyes Only either on the record at the proceeding or

within ten (10) business days of the receipt of the transcript, by notifying the opposing

party that the Material is Confidential, Highly Confidential, or Attorneys Eyes Only, and

that the transcript thereof is subject to this Protective Order.  Prior to the expiration of

this ten (10) business day review period, the parties shall treat all Material disclosed or

conveyed during a deposition or other proceeding as Highly Confidential Information,

unless the parties otherwise agree or the Court otherwise orders.

    F.  If a party or third party produces  Confidential, Highly Confidential,

or Attorneys Eyes Only Information without marking it as such, it may be disclosed to

others until the receiving party is notified by the producing party and/or the party whose

Confidential, Highly Confidential, or Attorneys Eyes Only Information it is of the error,

unless it appears from the face of the document (e.g., by a pre-existing designation) that

it contains proprietary, confidential, private or commercially sensitive information.  As

soon as the receiving party receives such notice, the  Confidential, Highly Confidential,

or Attorneys Eyes Only Information must be treated as if it had been timely designated

under this Protective Order, and the receiving party must in good faith retrieve copies of the document which it distributed or disclosed to persons not authorized to access such Confidential, Highly Confidential, or Attorneys Eyes Only Information, as well as retrieve all copies made by all such persons, and must inform all such persons that the Confidential, Highly Confidential, or Attorneys Eyes Only Information is so designated and is subject to this Protective Order.

G.      If a party or third party produces Material that the party or third party later discovers to be privileged or subject to other protection, such as the work product protection, the production of that Material shall not be deemed to constitute the waiver of any applicable privileges or protections.  In such circumstances, as soon as the producing party becomes aware that privileged or protected Material was produced, it must notify the receiving party and request, at its election, either the return or the destruction of the produced Material.  Immediately after receiving such notification, the receiving party shall, as instructed, return or destroy and confirm destruction of all such produced Material, including all copies and summaries thereof in any receiving party work product.  The receiving party shall not use the contents of such Material for any purpose until further order of the Court.  The receiving party must take reasonable steps to retrieve the produced Material if the receiving party disclosed it before being notified. Such return or destruction and confirmation of destruction shall not preclude the receiving party from seeking to compel production of the produced Material for reasons other than its production or any information about the contents of the Materials that was gained due to its production.  If the receiving party becomes aware during the review of

any Material that such Material is likely to be privileged or subject to other protection, the receiving party shall immediately notify the producing party and sequester the Material until the producing party has had an opportunity to respond.

3.      Challenge To Confidentiality Designation.  Any party may challenge the designation of any Material as Confidential, Highly Confidential, or Attorneys Eyes Only under this Protective Order by notifying the producing party's counsel in writing of the challenge.  Such written notification shall include the identity of each Material to which the challenge is directed and the specific basis supporting the challenge, and shall also be served on any adverse party.  Within five (5) business days of receipt of any challenge, the parties or third parties shall meet and confer regarding the challenge in an effort to resolve the matter informally.  If the parties or third parties are unable to resolve the matter informally following such meet and confer, then the party may challenge a designation within five (5) business days of the meet and confer by filing a motion with this Court.  The burden of persuasion in any such challenge proceeding shall be on the producing party and/or the party whose Confidential, Highly Confidential, or Attorneys Eyes Only Information it is.  The Material in question will be considered Confidential, Highly Confidential, or Attorneys Eyes Only Information and remain under the protection of this Protective Order pending ruling on the motion.  A party shall not be obligated to challenge the designation of any Material as Confidential, Highly Confidential or Attorneys Eyes Only, and failure to do shall not preclude subsequent challenge.

4.    <u>Filing Confidential, Highly Confidential, or Attorneys Eyes Only Information</u> <u>With The Court</u>.  If any party wishes to file Material containing another party's or a third party's  Confidential, Highly Confidential, or Attorneys Eyes Only Information, or any other pleadings or memoranda which reproduce or summarize the information contained in such Material, the Material shall be filed under seal.  In the event that Material is filed under seal, the parties agree to comply with the Local Rules and the Court's Administrative Procedures Governing the Filing and Service by Electronic Means, as revised from time to time, concerning the filing of documents under seal, including the filing of redacted versions of such documents.

5.    <u>Limitations On Use And Disclosure Of Confidential Information</u>.  The parties shall not use Confidential Information for any purpose other than in connection with this Action and, in particular, Confidential Information shall not be used for any government, business, patent licensing or patent prosecution purpose, or any other purpose.  Further, the parties agree that they may disclose Confidential Information to the following persons only:

A.    The parties' outside counsel of record in this Action and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this Action, including but not limited to paralegals, law clerks, and stenographic and clerical employees;

B.    Under the conditions described in paragraph 8 below, current employees or authorized representatives of the parties who are required to participate in policy decisions with reference to this litigation;

C.     Persons who are the author or recipient of the Material, or who the parties' outside counsel of record have a good faith reason to believe have seen or reviewed the Material in the past;

D.     Under the conditions described in paragraph 8 below, experts or consultants whom the parties or their outside counsel of record retain to assist in connection with this Action and who are not current employees of the receiving party;

E.     Under the conditions described in paragraph 8 below, copy, data, hosting, graphics and other providers of litigation services retained by the parties or their outside counsel of record for the purposes of the Action;

F.     Under the conditions described in paragraph 8 below, jury consultants, mock jurors, stenographic reporters and videographers engaged for proceedings in connection with this Action and their staff;

G.     The United States District Court and its personnel, or other persons acting on its behalf; and

H.     Under the conditions described in paragraph 8 below, any mediator retained by the parties in this Action.

Nothing in this Protective Order prevents the parties from using or disclosing their own Material or information in connection with this Action, regardless of whether such Material or information has been designated Confidential in accordance with this Protective Order.

6.     <u>Limitations On Use And Disclosure Of Highly Confidential Information</u>. The parties shall not use Highly Confidential Information for any purpose other than in

connection with this Action and, in particular, Highly Confidential Information shall not

be used for any government, business, patent licensing or patent prosecution purpose,

or any other purpose.  Further, the parties agree that they may disclose Highly

Confidential Information to the following persons only:

A.    The parties' outside counsel of record in this Action and employees

of such counsel assigned to and necessary to assist such counsel in the preparation

and trial of this Action, including but not limited to paralegals, law clerks, and

stenographic and clerical employees;

B.    Under the conditions described in paragraph 8 below, one current

employee or authorized representative of each party; provided, however, that such

individual shall not be permitted to view the Highly Confidential Material itself, but rather

can be privy to a redacted version of the information contained in the Highly Confidential

Material and only to the extent that such Highly Confidential Material addresses past or

present importation, sales, offers to sell, and/or other financial information related to dog

bed products.  The party seeking disclosure of such Highly Confidential Material to its

employee or authorized representative shall first specifically inform the producing party

what Highly Confidential Material it seeks to disclose and shall redact the information

the producing party reasonably believes necessary so that the material is no longer

Highly Confidential.

C.    Persons who are the author or recipient of the Material, or who the

parties' outside counsel of record have a good faith belief have seen or reviewed the

Material in the past;

10

D.      Under the conditions described in paragraph 8 below, experts or consultants whom the parties or their outside counsel of record retain to assist in connection with this Action and who are not current employees of the receiving party;

E.      Under the conditions described in paragraph 8 below, copy, data, hosting, graphics and other providers of litigation services retained by the parties or their outside counsel of record for the purposes of the Action;

F.      Under the conditions described in paragraph 8 below, jury consultants, mock jurors, stenographic reporters and videographers engaged for proceedings in connection with this Action and their staff;

G.      The United States District Court and its personnel, or other persons acting on its behalf; and

H.      Under the conditions described in paragraph 8 below, any mediator retained by the parties in this Action.

Nothing in this Protective Order prevents the parties from using or disclosing their own Material or information in connection with this Action, regardless of whether such Material or information has been designated Highly Confidential in accordance with this Protective Order.

6.      Limitations On Use And Disclosure Of Attorneys Eyes Only Information. The parties shall not use Attorneys Eyes Only Information for any purpose other than in connection with this Action and, in particular, Attorneys Eyes Only Information shall not be used for any government, business, patent licensing or patent prosecution purpose,

or any other purpose.  Further, the parties agree that they may disclose Attorneys Eyes Only to the following persons only:

A.     The parties' outside counsel of record in this Action and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this Action, including but not limited to paralegals, law clerks, and stenographic and clerical employees;

B.     Under the conditions described in paragraph 8 below, experts or consultants whom the parties or their outside counsel of record retain to assist in connection with this Action and who are not current employees of the receiving party;

C.     Under the conditions described in paragraph 8 below, copy, data, hosting, graphics and other providers of litigation services retained by the parties or their outside counsel of record for the purposes of the Action;

D.     Under the conditions described in paragraph 8 below, jury consultants, mock jurors, stenographic reporters and videographers engaged for proceedings in connection with this Action and their staff;

E.     The United States District Court and its personnel, or other persons acting on its behalf; and

F.     Under the conditions described in paragraph 8 below, any mediator retained by the parties in this Action.

Nothing in this Protective Order prevents the parties from using or disclosing their own Material or information in connection with this Action, regardless of whether such

Material or information has been designated Attorneys Eyes Only in accordance with this Protective Order.

8.      Execution of Agreement to be Bound by Protective Order.

A.      Before a party discloses or conveys Confidential, Highly Confidential, or Attorneys Eyes Only Information to any person or entity described in Paragraphs 5(B), 5(D), 5(E), 5(F), 5(H), 6(B), 6(C), 6(D), 6(E), 6(F), 6(H), 7(B), 7(C), 7(D), or 7(F) of this Order, such person or an authorized representative of such entity must first certify that he or she has read this Protective Order and must sign a copy of the "Agreement to be Bound by Protective Order" attached as Exhibit "A."  A person or authorized representative who has executed the Agreement to be Bound by Protective Order is not required to sign a separate agreement each time access is subsequently given to Confidential, Highly Confidential, or Attorneys Eyes Only Information.

B.      The original, executed Agreement to be Bound by Protective Order signed by any person or authorized representative receiving Confidential, Highly Confidential, or Attorneys Eyes Only Information pursuant to Paragraph 8(A) must be maintained by the attorney of record who obtained the Agreement.  Within ten (10) business days after the conclusion of the Action, whether by dismissal, judgment or settlement, counsel retaining the executed Agreements to be Bound by Protective Order shall deliver to counsel for any party producing Confidential, Highly Confidential, or Attorneys Eyes Only Information true and correct copies of all such Agreements, which information shall be utilized by the parties and/or their counsel to enforce the terms of this Order.

C.    Pursuant to Paragraphs 5(D), 6(D), and 7(B) of this Order, experts or consultants whom the parties or their outside counsel of record retain to assist in connection with this Action and who are not current employees of the receiving party may view Confidential, Highly Confidential, or Attorneys Eyes Only Information only if, and to the extent that:  (1) review of such  Confidential, Highly Confidential, or Attorneys Eyes Only Information is necessary for such expert or consultant to render his or her opinion; and (2) such Confidential, Highly Confidential, or Attorneys Eyes Only Information shall not, under any circumstances, be divulged to any expert or consultant who is affiliated with a competitor of the producing party or the party whose Confidential, Highly Confidential, or Attorneys Eyes Only Information it is without prior written consent from both such parties**.**  Such consent shall be sought by a written notice identifying each expert or consultant and providing full disclosure of all such affiliations.

9.    <u>Precautions Applicable to Offering Confidential, Highly Confidential, or Attorneys Eyes Only Information as Evidence at Trial or Hearings</u>.  If any party desires at trial or at a hearing to offer into evidence Confidential, Highly Confidential, or Attorneys Eyes Only Information, or to use Confidential, Highly Confidential, or Attorneys Eyes Only Information in such a way as to reveal its nature or contents, such offers or uses shall be made only to the extent necessary, and only provided all reasonable steps have been taken to preserve the confidentiality of such Confidential, Highly Confidential, or Attorneys Eyes Only Information.  The parties reserve the right to seek protections from the Court regarding any such offers or uses.

14

10.    Use of Confidential, Highly Confidential, or Attorneys Eyes Only Information During Depositions.  Any  Confidential, Highly Confidential, or Attorneys Eyes Only Information may be used in the course of any deposition taken of the producing party, or any of its current or former employees, including any current or former employees of any predecessor-in-interest of the producing party, without consent, or otherwise used in any deposition with the consent of the producing party and the party whose Confidential, Highly Confidential, or Attorneys Eyes Only Information it is, subject to the condition that when such Confidential, Highly Confidential, or Attorneys Eyes Only Information is so used, the producing party or the party whose Confidential, Highly Confidential, or Attorneys Eyes Only Information it is may notify the reporter that the portion of the deposition in any way pertaining to such Confidential, Highly Confidential, or Attorneys Eyes Only Information is being taken pursuant to this Protective Order.  Further, whenever any Confidential, Highly Confidential, or Attorneys Eyes Only Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such Confidential, Highly Confidential, or Attorneys Eyes Only Information pursuant to the terms of this Protective Order.

11.    Completion of Litigation.  Within sixty (60) days after final termination of this Action, including the expiration of all rights to judicial review, the parties shall destroy such Confidential, Highly Confidential, or Attorneys Eyes Only Information, including all copies, digests or summaries which have been made of, or prepared from, such information, and send written notice to the producing party confirming destruction

15

thereof.  The parties are not required to destroy any pleadings, discovery requests or

responses, deposition, hearing or trial transcripts, documents filed with the Court,

exhibits offered or introduced into evidence at a hearing or trial, or attorney work

product.  The provisions of this Protective Order restricting the dissemination,

disclosure, or other use of Confidential, Highly Confidential, or Attorneys Eyes Only

Information continue to be binding on the parties and any other person subject to the

terms of this Protective Order after the conclusion of this Action.

      12.    <u>Disclosure Of Confidential, Highly Confidential, or Attorneys Eyes Only</u>

<u>Information In Other Proceedings</u>.  In the event that the parties or their attorneys receive

a subpoena, discovery request or other process or order to produce another party's or a

third party's Confidential, Highly Confidential, or Attorneys Eyes Only Information in

another action or proceeding, the parties and their counsel shall: (a) no later than ten

(10) business days before compliance with the subpoena, discovery request, or other

process or order, notify the other party's or third-party's attorneys of record and specify

the information sought by the subpoena or other process or order, and (b) object to the

subpoena, discovery request or other process and not produce the requested

documents or information until either (i) the other party or third-party provides written

consent to production of the information or documents, or (ii) over the objection of the

other party or third-party, the party is compelled by court order to comply with the

subpoena, discovery request or other process to produce the information or documents

and, in such circumstance, the party shall take all reasonable steps to: (a) ensure such

production is limited to no more than is necessary; and (b) preserve the confidentiality of

all such Confidential, Highly Confidential, or Attorneys Eyes Only Information, including where possible ensuring all such Confidential Information or Highly Confidential Information is protected by any relevant protective order.

13.     Right To Seek Relief From The Court.  Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any party or person:  (i) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, Material claimed to be protected work product or protected by any applicable privilege, Material as to which the party or person claims a legal obligation not to disclose, or Material not required to be produced pursuant to governing laws and rules; (ii) to seek to modify or obtain relief from any aspect of this Protective Order; (iii) to object to the use, relevance, or admissibility at trial of any evidence, whether or not such evidence consists of Confidential Information or Highly Confidential Information governed by this Protective Order; (iv) to otherwise require that discovery be conducted according to governing laws and rules; or (v) to oppose production of any Material or information on any ground allowed under the Federal Rules of Civil Procedure, or any other state or federal law, rule, or regulation.

14.     Parties to be Bound Pending Entry of Order.  The parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.  The parties shall not disclose any Confidential, Highly Confidential, or Attorneys Eyes Only Material to any party joined as an additional party

17

to this action unless and until such additional party has agreed in writing to be bound by the terms of this Protective Order.

15.  Third Party Material.  Third parties producing Material in the course of this Action may also designate material as "Confidential Information," "Highly Confidential Information," or "Attorneys Eyes Only" subject to the same protections and constraints as applicable to the parties to the Action under this Protective Order.  After the Court enters this Protective Order, a copy of this Protective Order shall be served along with any subpoena served in connection with this Action.

16.  Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his/her client with respect to this litigation and, in the course thereof, referring to or relying upon his examination of confidential information, provided, however, that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not make any disclosure of confidential information that the client is not otherwise permitted to see pursuant to this Protective Order.

17.  Nothing contained in this Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using any Material that is: a) independently developed without use of or reliance upon any Confidential, Highly Confidential, or Attorneys Eyes Only Information produced by another party; b) rightfully acquired from an independent source, without restrictions as to use or obligations as to confidence; c) was, prior to disclosure, rightfully in the possession or knowledge of the receiving Party; d) is publicly available in substantially the same form in which it was

provided by the producing Party claiming confidentiality; or e) was, is or becomes public knowledge, not in violation of this Protective Order.

       18.   <u>Authority of the Court</u>.  The parties agree that the Court retains jurisdiction and the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

IT IS SO STIPULATED.

Dated:  February 13, 2012

BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP

/s/ Alison G. Wheeler
Alison G. Wheeler

1899 Wynkoop St., Suite 800
Denver, Colorado 80202
Telephone: (303) 592-3100
Fax: (303) 592-3140
alison.wheeler@bartlit-beck.com

Attorney for Plaintiffs
Debra L. Holte and Buddy Beds LLC

Dated:  February 13, 2012

Bakos & Kritzer

/s/ Edward P. Bakos (with consent)
Edward P. Bakos
Noam J. Kritzer
147 Columbia Turnpike
Florham Park, New Jersey 07932

Attorneys for Defendant Tristar Products, Inc.

19

DATED at Denver, Colorado, this 15th day of February, 2012.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

## EXHIBIT A

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____ [print or type name],
hereby acknowledges that he or she has received a copy of the Stipulated Protective
Order entered in connection with the action pending in the United States District Court,
District of Colorado, entitled *Holte v. Tristar Products, Inc.*, Case No. 11-CV-1156 REB,
has read it, understands the limitations it imposes on the use and disclosure of material
or information designated as "Confidential Information" and "Highly Confidential
Information", and agrees to:  (1) be bound by all of its provisions; and (2) submit
himself/herself to the jurisdiction of the United States District Court, District of Colorado
for the purpose of any proceedings relating to the performance under, compliance with,
enforcement of, or violation of the Order.

The undersigned agrees to maintain all originals, copies and any summaries of
Confidential Information and Highly Confidential Information as defined in this Protective
Order, in a secure manner and agrees to return the same no later than 30 days after the
termination of this action to the counsel of record for _____.

The undersigned understands that if he/she violates the provisions of this
Protective Order, he/she will be in violation of a court order and subject to sanctions or
other remedies that may be imposed by the Court, and potentially liable in a civil action
for damages by the disclosing party.

The undersigned states under penalty for perjury under the laws of the United
States of America that the foregoing is true and correct.

Dated: _____             _____
                                                        (Signature)

                                              Name: _____

                                              Business Address:_____

                                              _____